978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Daniel H. PAYNE, Appellant.
 No. 92-1775.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: November 12, 1992.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Daniel H. Payne appeals his sentence of fifty-seven months imposed by the district court[1] after he pleaded guilty to firearm charges. We affirm.
 
 
 2
 Payne was charged with being a felon in possession of a firearm, and with unlawfully acquiring a firearm, in violation of 18 U.S.C. § 922(g)(1) and (a)(6). Payne pleaded guilty to both counts without a plea agreement. The presentence report (PSR) assessed the base offense level at 24 for the felon-in-possession count, because Payne had possessed the firearm during an attempted harvesting of 92 marijuana plants. See U.S.S.G. §§ 2K2.1(c), 2X1.1, 2D1.1(c)(10). Payne objected, among other things, to the application of section 2K2.1(c).
 
 
 3
 The district court held a sentencing hearing, at which three Missouri State troopers and others testified. The troopers testified that Payne had been apprehended with a firearm while running from a marijuana patch. He was apprehended within three minutes after a trooper shouted to another armed individual who was seen pulling marijuana. They further testified that when apprehended, Payne had green residue on his hands similar to marijuana residue, and Payne asked one of the troopers how he found "the patch." The district court stated it was convinced that Payne had been harvesting marijuana, calculated a sentencing range of 51 to 63 months, and sentenced Payne to fifty-seven months imprisonment.
 
 
 4
 Payne argues the government did not prove by a preponderance of the evidence that he was attempting to harvest marijuana. We give "due regard to the opportunity of the district court to judge the credibility of the witnesses," and we "accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e). Upon our review of the record, we conclude that the testimony of the officers, which the district court was entitled to credit, established by a preponderance of the evidence that Payne was attempting to harvest marijuana.
 
 
 5
 Payne also argues that the court's use of the preponderance-of-the-evidence standard, rather than a more stringent standard, violated his due process rights because his base offense level was doubled, from 12 to 24, through a cross-reference in the Guidelines. We have held that the preponderance-of-the-evidence standard is to be applied in sentencing determinations. United States v. Malbrough, 922 F.2d 458, 464 (8th Cir. 1990), cert. denied, 111 S. Ct. 2907 (1991). The court's finding that Payne was attempting to harvest marijuana increased the applicable sentencing range from 15-21 months to 63-78 months. While substantial, this increase is not so disproportionate that due process concerns are triggered. See United States v. Galloway, No. 90-3034, slip op. at 21-22 (8th Cir. Sept. 17, 1992); United States v. Ebbole, 917 F.2d 1495, 1496, 1501 (7th Cir. 1990) (approving increase in defendant's sentencing range from 27-33 months to 92-115 months); United States v. Townley, 929 F.2d 365, 369-70 (8th Cir. 1991) (stating in dictum that sevenfold increase might require more stringent proof at sentencing than preponderance of evidence).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri